3-12-0153 Commonwealth Edison Company, I believe I stand in your honor to present Mr. Munizzo, appointed by William Sullivan. Mr. Sullivan? Thank you, Your Honor. Good morning, Your Honor. My name is William Sullivan. I represent Mr. Munizzo, who is the appellant in this case. In this case, Commonwealth Edison mismarked a proposed excavation site, which caused Mr. Munizzo's excavators to damage an unmarked Commonwealth Edison electric line. Commonwealth Edison demanded payment for the damage, despite its own investigation showing that the site was mismarked. When it did not receive payment, it sued Mr. Munizzo. Comment was worn on several occasions that the site was mismarked. He had proceeded to trial and was able to present facts sufficient to substantiate its allegations. After the trial, the court ruled in Mr. Munizzo's favor. Mr. Munizzo filed a post-trial motion for sanctions, which was denied as being untimely and without any basis. Is a motion for sanctions a post-trial motion, a post-judgment motion? It is, Your Honor. Does it attack the judgment? It does not. Does a post-judgment motion have to attack the judgment? I'm sorry. To be a post-judgment motion, for purposes of tolling the 30 days, doesn't it have to attack the judgment? Well, that issue has been explored in two other cases, Your Honor. The peculiarities of a small claims case, Rule 287B requires that you first obtain leave of court before filing a motion. In the Fourth District's holding, there's Bolin v. O'Simon, which is in 1989. I'm sorry, that was the Fourth District. First District also addressed that issue in Beswick v. Ladoff Chevrolet earlier this year. Both of them said that the filing of the petition itself tolls the 30-day period for filing a notice of appeal. The petition for leave? Yes, Your Honor. To file a post-judgment motion or for leave to file a petition for sanctions? For leave to file a petition for sanctions. Despite this being a small claims case, there are several important issues that the case raises. The first issue is whether, as we just discussed, filing a petition for leave to file a pleading tolls the 30-day limit for filing a notice of appeal. This issue was raised in the appellate pleadings as subject to de novo review. The second issue in this case is whether Mr. Meneuza's post-trial motion for sanctions was timely filed. Interpretations of Supreme Court rules are subject to de novo review. However, when discussing Supreme Court Rule 183 issues, it's subject to an abusive discretion standard. The third issue in the case is whether or not the Circuit Court erred in determining whether or not there was no basis for sanctions against Commonwealth Edison. Again, this is an abusive discretion standard. Finally, we also raised the issue about whether or not Mr. Meneuza is a consumer for purposes of the Illinois Consumer Fraud Act. I won't be arguing this issue. I will rely on the arguments in my briefs unless this Court has any questions about this matter. Regarding jurisdiction in this case, the available case law makes it clear that jurisdiction is vested with this Court. Mr. Meneuza filed a motion for sanctions against ComEd 29 days after the judgment was entered in this case. But because of the peculiarities of Rule 287b, the motion wasn't properly before the Court until he received leave of court to do so. Even though he filed the motion 29 days after the judgment, there was no hearing available until after that 30-day period expired. So he also filed a petition. In his petition for leave to file his motion, he also filed a Rule 183 request for extension of that time. Ultimately, the trial court denied his motion for sanctions as being untimely. And ComEd argues that because the trial court denied this motion, that everything was rendered in nullity and that the clock for filing a notice of appeal starts ticking from the time the judgment was entered. Again, the Fourth District holding in Bolin and the First District holding in Bessig both stated that the filing of a petition for leave to file a post-trial motion, accompanied by that motion, holds a 30-day period for filing a notice of appeal. Well, in Bolin, wasn't that a post-judgment motion in the conventional sense that he was seeking leave to file? It was. It was a 216 motion. I mean, it wasn't a motion for leave to file 137. For sanctions, it was a post-judgment motion attacking the judgment, wasn't it? That's correct. In this case, 137 doesn't attack the judgment, does it? It does not. In both cases, neither of the opinions specified that it has to be a motion attacking the judgment. It just said filing a petition for leave to file a post-trial motion, accompanied by the post-trial motion, holds a 30-day period for filing a notice of appeal. Well, the law is pretty clear that a post-judgment motion is a motion that attacks the judgment, as opposed to seeking some other kind of leave. I understand that. One of the other issues, one of the public policy issues that's raised by this is that the Supreme Court, in the rules, the committee comments to Rule 287B said the purpose of those rules was to simplify the procedures and to reduce the costs in small claims cases. By saying that someone has to file a motion, first of all, there's no way for a litigant to determine when to file a motion so that it can be heard within the 30-day time frame. Well, one thing we know about a post-judgment motion, to be corrected, a post-judgment motion can't be filed until after a judgment. That's correct. However, a motion for sanctions can be filed any time. You don't have to wait until after the judgment to file. If you're saying their pleadings are untrue, you can file that with your answer, if you want to, can't you? That's true, Your Honor, but the law, I'm sorry, the Supreme Court Rule 137 says that you have up to 30 days after the judgment to file such a motion. So, permissibly, you can file it earlier, but the rule itself states that you have 30 days after the judgment to file such a motion. The next issue is whether or not the trial motions have been timely filed. The judgment in the case was entered on December 13, 2011. On January 11th, which was 28 days after the judgment was entered, Mr. Munoz filed a motion for sanctions, and he also filed a petition for leave to file the motion for sanctions. So, he filed them both, and they were within the 30-day time period. But because of Supreme Court Rule 287b, he had to have leave of court before that motion was properly before the court. Because of this, he also filed a... Sorry, I'm getting my Supreme Court rules mixed up. He filed the 183 motion to extend the time for filing the motion, and he alleged as good cause that under Supreme Court Rule 183, for purposes of Supreme Court Rule 183, he was unable to obtain a hearing date prior to the 30-day time period expiring. Now, comments cited Waterford Executive Group v. Bard's, Clark Bard's, in his brief stating that it's well settled that inadvertence of mistake is not a good cause to support a request for extension of time. That ruling and all similar rulings were overruled in Vision Point of Sale v. Haas because the Supreme Court said there's a broad overall policy of resolving cases based on their merits rather than basing cases on technicalities, and held that those cases that it overruled run directly counter to this principle. Now, we weren't able to find any case law that's on point as to whether lack of a hearing date should be considered good cause pursuant to Rule 183. But the simple fact is the motion was filed before the 30-day deadline, and the only reason it wasn't considered filed was because of a technicality in Supreme Court Rule 287b. Comment solution to this problem would say, just file the claim sooner. Seek adequate time to seek leave of court to file the motion. Not after the fact it's easy to make such assertions, but after a trial, and I understand, Your Honor, that you're allowed to file those motions at any time, but after a trial, how is one to determine what the court schedule is like? It would seem that advancing such a rule would create multiple untenable situations. It would penalize small claims litigants because every other class of litigants has 30 days from a judgment in order to file such a motion, whereas small claims litigants would be subject to the whims of the court schedule. If there's no hearing available for two weeks after a judgment's been filed, then small claims litigants are unfairly targeted in not being able to file a motion within those 30 days. You have to have the petition filed along with the proposed motion, so if there was a two-week wait for a hearing date, you'd only have two weeks to create that motion after a judgment. And your argument certainly makes sense with respect to a post-judgment motion that can't even be in small claims. You can't even file your petition or motion for leave to file it until after a judgment, so you're already into that 30 days. But a 137 is different in the sense that it can be filed at any time, so you don't have to wait. I mean, so somebody could file a 137, as I said, with the answer, or you don't even have to file answers for small claims court unless the court requires it, I understand, but sometime along the way and even when you're in there having your hearing. I'm just wondering if that is an important distinction here, that 137 can be filed before the judgment. It is a distinction as opposed to other motions attacking the judgment, but still the Rule 137 clearly states you have 30 days from the entry of a judgment to file such a motion. Finally... When did you file? Pardon me, Your Honor? When did you file, within the 30-day period? We filed the motion and we filed the petition for leave to file the motion. Within those 30 days, it's just that the hearing for the court to determine whether or not they're going to grant us leave to file the motion didn't occur until after the 30 days had expired. So finally, I just want to touch on the motion for sanctions. Again, this is abuse of discretion standard. Are sanctions in this case appropriate? They're absolutely appropriate. Combat complaint had three counts. First count was negligence, and obviously negligence requires that you prove duty, breach, causation, and damages. Combat during trial didn't even allege any of these elements. Combat's second count was a violation of the Illinois Underground Utilities Facilities Damage Prevention Act. The pertinent portion of that act requires that a facility be properly marked in order for liability to ensue. What evidence did Combat have that the site was properly marked? They had a retrospective review of pictures by their liability representative, who stated that the pictures were taken before excavation exam began. But then, after she was cross-examined, she admitted she didn't have any pictures before the excavation began. All of the pictures were taken after excavation began. Thank you. They also based their allegations of liability on an alleged phone call that was made where Mr. Menizzo allegedly said that he hit a marked line. If you look through the record, you'll see that that phone call was referring to a ground wire that was exposed and damaged but never hit or damaged. So what evidence supports Mr. Menizzo's assertion that the line was not properly marked and therefore Combat had no claim? Mr. Menizzo testified there were no markings near where the site was damaged. His witness testified there were no markings at the site. Combat's own employee admitted that the site was obviously mismarked and they were lucky that someone didn't get quote-unquote smoked. And finally, Combat's troubleman created a report stating there were no markings visible at the transformer. In addition to being unable to prove any of the elements or the essential elements of its claims, Combat also submitted a bill for $7,460 representing 32 hours of work when testimony at trial showed that only three hours of work occurred. Your Honor, as the claim filed, this isn't just a single instance of objectionable conduct. Combat has displayed a pattern of sanctionable behavior that has permeated this entire lawsuit and appeal. We're therefore requesting that this Court reverse the trial court's decision that Mr. Menizzo's motion was untimely, reverse the trial court's decision that Mr. Menizzo's motion had no basis, and then award Mr. Menizzo all fees and costs he expended responding to Combat's lawsuit and this appeal, and that it remain the case of the Circuit Court for determination of these costs. Once again, on behalf of Mr. Menizzo and myself, we'd like to thank you for your time this morning. Thank you, Mr. Sullivan. Ms. Morris. Good morning, Your Honor. May it please the Court. My name is Sandy Morris, and I represent the NLE, Commonwealth Edison. As a threshold matter, this Court does not have jurisdiction over this appeal because Menizzo did not file a timely notice of appeal, nor was the time to file told by a post-trial motion attacking the judgment. In addition, there was no Rule 137 motion pending. Those are the three ways one can satisfy 303A1. Nor did Menizzo file a Rule 303D motion to extend the time for filing an appeal. He always had that option, and he chose not to take advantage of it.  In this trial, it should affirm the judgment of the trial court in every respect. First, the trial court correctly held that Menizzo was not acting in his capacity as a consumer when he damaged Combat property, and he therefore could not pursue a consumer fraud claim. Second, the trial court correctly rejected Menizzo's motion for leave to file a 137 motion because it was untimely. Was the 137 petition attached to the petition for leave to file? Yes, Your Honor, it was. It was a proposed motion. So had this been an L case or a law case or an LM case, it would have been timely filed? If he had not, that's correct, Judge. In an L or an LM case, you don't need a petition or a motion for leave to file, right? Absolutely, Your Honor. There's a substantive difference between small claims cases and law division cases, and that's because, as counsel said, there's an efficiency goal. And that is, the court doesn't want to be clogged with motions, which is why you have to get leave before you can file them. So although counsel would dismiss this as a mere technicality, it actually serves a public policy to have this in place. Well, it does, but it seems like a lot of the changes are – there's also recognition that while the law at one point says we don't treat pro ses differently than lawyers, but of course in this case everybody's represented, it's also in a small claims case to make it a little less formal and maybe to cut – and not as stringent as in LM or law cases. Well, Judge, I think that these issues are important, and I think that they're jurisdictional as opposed to simply being concerned about an unjust result. There's a difference between getting an extension of time to file responses to discovery and those kinds of things, and a Rule 137 motion once the court has lost jurisdiction. I mean, we're talking about whether or not this court has jurisdiction, which is a significant issue. Rule 303 actually distinguishes between post-trial motions attacking the judgment and Rule 137 motions. It lists them separately in 303A1, which tells you that they do find a difference. So even though the Fourth District in Bolin held that a post-trial motion leave to file would toll the time for appeal, there is no case law saying that a Rule 137 motion for leave likewise tolls the time for appeal. But there isn't a case law that says it doesn't either, is there? No, that's true, Your Honor, but if we're going to read exceptions into the law, we should be careful. I mean, the legislature wrote the statute in a particular way because that's how they wanted it to be. Don't you have to read the rules together? I mean, the sanction rules and the post-trial motion rules? They have to be read together. You can't separate them out. Certainly, Your Honor, and I'm not sure how that plays out here. I mean, as Justice Schmidt pointed out, you can file a motion for sanctions at any time. But you have until 30 days after the judgment. That's correct, and maybe whether or not the court had discretion to hear that and whether that was a mistake under Rule 183 to not give the leave to have it in the trial court is one issue. But when we're talking about whether there's appellate court jurisdiction, that's not determined by the sanction rule and then the rule that gives you 30 days. That's determined by 303A1, which says that there has to be a pending 137 motion. The appellate conceded in his opening brief that the Sawyer case holds that a document is not on file properly before the court until leave is granted. So there was no pending 137 motion under 303A1. Well, and jurisdiction is no more discretionary in the trial court than it is here. The Supreme Court is the only people that have discretion to grant jurisdiction, right? Certainly, Your Honor, but I'm suggesting that the flexible standards that may be applied when you're determining trial court jurisdiction shouldn't just automatically be extended and read into 303A1. They're different inquiries. And I think that that's sort of the basis of the appellant's argument, is that, well, we shouldn't really worry about it. It's not such a big deal. Well, it is a big deal, and that's why the legislature didn't want an unjust result. That's why they have 303D. So as soon as Mr. Meneza realized that his motion was not going to be heard or was not going to be on file within 30 days, he had the option, up to 30 days after the expiration of time for filing a notice of appeal, to file a motion with this court and ask for leave for an extension. And that would have been good cause, needing additional time because you're in a small claims court. That may have been sufficient for this court to grant the 303D motion. Counsel does not explain why he did not take advantage. So to complain of an unfair result because you don't take advantage of a benefit granted to you by the rules, strikes me as not an appropriate argument. So this really boils down to, in small claims, you have to have a petition for leave to file the motion, right? That's correct, Your Honor. Petition was filed timely for leave with a motion attached. The petition was filed within 30 days. I wouldn't characterize it as timely. The timeliness aspect, the deadline aspect, is the filing of the motion. Getting leave had to be done within 30 days. So you reject the cases with the 4th District and the 2nd District cases? Boland? You're rejecting those cases? I don't reject them, Your Honor. They're distinguishable. Boland had to do with... You're just saying we shouldn't apply them to this factual situation? That's correct, Your Honor. I believe that counsel may have misspoke and then corrected himself later in the argument. Neither Boland nor Bessic were Rule 137 motions. They were opposed to... I understand that. And you're simply saying... You're saying that they're okay, they're good cases, but they shouldn't apply to this? And they're different in kind. Yes, that's correct. They're not binding. None of them are from the 3rd District, and the Supreme Court has not weighed in on this issue. How far does that logic extend? I mean, does he then need permission or leave of the court to file 137? Maybe he doesn't. Does he need leave? Yeah. Maybe he doesn't. Do you mean in the trial court? Yeah. No, he absolutely needed leave. 287 doesn't go away. He absolutely needed leave, and I think he concedes that. I think that's why he filed his petition for leave. I'm trying to respond to your argument a little bit. You know... I mean, where does the... You're backing it up. Where does it stop? I believe that it stops in the context in which those cases were decided. I think... I don't want to put words in your mouth, Justice Schmidt, but I believe you were getting at the idea... Everybody else does. I know. Okay, well then, earlier we were talking. I don't want to put words in his mouth, but what I was taking from some of his questions was that there's a substantive difference between Rule 137 motions and post-trial motions, and that just because Bolin and Bessick say, well, yeah, filing a motion for leave for your post-trial motion may be sufficient, we shouldn't just automatically extend that logic to Rule 137. Why? Because they're different in kind. There's a couple of reasons that they're different in kind. First of all, as the Bresteen case makes clear, in the context of the revestment doctrine, Rule 137 motions are not sufficient to revest jurisdiction in the trial court where post-trial judgment orders or motions are sufficient, because they are about the substance of the ruling, and they can affect the issues on appeal. So there's that substantive difference. And indeed, 303A1 separates them out as two different categories. So within 30 days after the entry of the order disposing of the last pending post-judgment order, or if there's a pending 137 claim. So there's a big difference. 303A1, you might even read that it doesn't care if the Rule 137 claim was pending within 30 days as long as the trial court allowed it to be filed. But there's a specific sentence calling out 137 that says that 137 has to be pending. But it's important to think about the merits of this case. Even if this court does find that it has jurisdiction, we believe strongly that the merits support affirming the trial court's ruling. First of all, Munizzo was not acting as a consumer, and he has no consumer fraud claim. The case law is clear, Steinberg and Norton, that only consumers can pursue consumer fraud claims. In Norton, a group of citizens sued because the city tried to collect for parking violations, and the court held parking violators are not consumers. Similarly here, we have a situation where Mr. Munizzo damaged ComEd's property, and ComEd issued it a bill. Now, Mr. Munizzo has the right to dispute that bill. He can say what he'd like in his defense, and he did. But the fact that he was billed for something doesn't make him a consumer. What makes you a consumer is engaging in a consumer transaction. For example, if we were to go to McDonald's to the drive-thru and purchase what we thought was a grade A hamburger, and then it turns out that it's that pink sludge, well, we would have, presumably, a consumer fraud claim against McDonald's for selling us something that wasn't what we expected to buy. But if we drove through the drive-thru while we were texting, and hit the speaker, and caused $75,000 worth of damage to McDonald's property, we're not engaging in a consumer transaction when they bill us for the damage that we've done. What about a free toy in the McDonald's package? What do you mean? Well, you know, you order your kid's meal, and they throw in a toy, and you pay for the kid's meal. I think the toy is part of the meal, so you're purchasing that toy. And if you were to be injured by it or something like that, I'm sure you would have a product liability suit. And Manuzo, in his brief, tries to sort of get around this idea by saying that non-consumers can bring consumer fraud claims, but neither of the cases that counsel cites are applicable. In the Bank One case, the plaintiff in the consumer fraud claim claimed that her signature was forged, and that she didn't actually co-sign a loan for purchasing a truck. So there was a question as to whether she was actually the consumer. So the court held that yes, there would be a consumer fraud claim. But that was a consumer transaction, right? Buying a truck, that's purchasing something. Thank you. In the Brody case, medical students who were unsuccessful applicants... Oh, I'm sorry, Judge. Did you have a question? No, keep going. In the Brody case, medical students sued, saying that their applications weren't fairly considered. Well, they were trying to enter into a business relationship. So for those reasons, Mr. Manuzo's consumer fraud claim was properly dismissed. So finally, as to the Rule 137 motion, the district court properly acted within its discretion not to grant the Rule 183 motion for additional time. It was well within its discretion to decide that it was negligent. As Your Honor pointed out, that can be filed at any time. His response, his belief that his claim was better than Con Ed's claim, that was his belief the whole time, and there was no reason he couldn't have filed it in a more timely manner. And finally, the Rule 137 motion had no basis. The court acted well within its discretion. It cannot be sanctionable to bring a claim that's based on a recorded admission that he struck a marked line. This was the evidence that Con Ed came into the case with. Struck a marked line? Yes. He called the hotline to let them know that he had caused an outage. There was testimony at trial to this effect. And on the recorded call that was played at trial, he admitted that he hit a marked line. Now, later at trial, he recanted that and said that he was misspoken, that he was talking about a ground line, and that he wasn't admitting that anything was properly marked. But Con Ed didn't know that until the day of trial. There's no evidence in the record, absolutely none, What kind of investigation did Con Ed have? It was apparently established you didn't have the line marked properly, right? It was not established, Your Honor. That's Mr. Meniz's characterization of the evidence. The investigation revealed that there were pictures that indicated that there were cuts through marked lines with machinery, which indicated that machinery was very close to Con Ed's facilities. And, again, we had the recorded admission. So there was a scene visit. There were photographs that were reviewed. And, again, the recording. And so Con Ed's investigation revealed that it had good cause to bring these claims. It had what? Good cause to bring these claims against Mr. Meniz. So I respectfully ask that this Court find that it has no jurisdiction over the appeal, or in the alternative, that it affirm the trial court in every respect. Thanks very much. Thank you, Ms. Morris. Mr. Sullivan, some rebuttal. Just responding to counsel's claim that there was a recording that stated he struck a marked line. That recording is nowhere in the record. That admission was never made that he struck a marked line. The marked line that Mr. Meniz was referring to was a ground wire, which, for your reference, I believe it's on page 83. There's a picture on page 83 in the record that shows the ground wire that he uncovered. It doesn't say that he struck it. It said that he uncovered it, and there were actually two calls that were made. One after they uncovered the ground wire, and then one after they dug four feet underground where there was an unmarked area, four feet away from the transformer. So when counsel says that he struck and or damaged a marked line, there's no testimony in the case to reflect that, and the only line that was discussed prior to that was a ground wire, which was not damaged and which was not the subject of this case. So other than that, we don't have anything else. And, again, thank you very much for your time this morning. Okay, thank you, Mr. Sullivan. Well, thank you both for your arguments here this morning. It looks like whatever we do, we're going to make some new law, and the matter will be taken under advisement. A written disposition will be issued right now. The court will be at a brief recess for a panel change before the next case.